IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                            Criminal Action No. 3:23-cr-14-1

**ERIC SMITH,**

        **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Eric Smith's Notice of Defendant's Request for Permission to File a Pleading Under Seal (the "Motion to Seal" or "Motion"). (ECF No. 33.) In the Motion, Mr. Smith requests that the Court seal "portions of his trial record." (ECF No. 33, at 2.) Consistent with Local Criminal Rule 49[1], Mr. Smith also filed a confidential

---

[1] Local Criminal Rule 49 provides in relevant part:

(C) In all post-arrest proceedings, a party submitting a document or portion of a document (e.g., exhibit[s]) for filing under seal pursuant to a governing statute, rule, or order shall note on the face of the document that it or a portion of it is filed under seal pursuant to that statute, rule, or order. The Clerk shall provide public notice by stating on the docket that the document contains sealed material.

(D) Any post-arrest motion for a protective order providing prospectively for filing of documents under seal shall be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A confidential memorandum for *in camera* review may also be submitted. The non-confidential memorandum and the proposed order shall include:

    (1) A non-confidential description of what is to be sealed;

    (2) A statement as to why sealing is necessary, and why another procedure will not suffice;

    (3) References to governing case law; and

memorandum for *in camera* review in support of the Motion. Loc. Crim. R. 49(D); (ECF No. 33, at 2).

Prior to sealing a document, the Court must:

(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *In re Knight Publ'g Co.*, 743 F.3d 231, 235–36 (4th Cir. 1984)). Each of these factors supports sealing the documents identified (the "Documents"). *See* (ECF No. 35 (Under Seal).)

First, the Motion has provided public notice of the request to seal. It has also allowed interested parties a reasonable opportunity to object. Second, the Court has considered less drastic alternatives to sealing the Documents and finds that no other alternative will protect the privacy interests at issue here. The Documents contain personal information related to Mr.

---

(4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.

The proposed order shall recite the findings required by governing case law to support the proposed sealing.

The Clerk shall provide public notice by docketing the motion in a way that discloses its nature as a motion to seal, with its hearing date (if any). Other parties and non-parties may submit memoranda in support of or opposition to the motion, and may designate all or part of such memoranda as confidential. Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

(E) Any document not covered by section (C) and filed with the intention of being sealed shall be accompanied by a motion to seal that complies with the requirements of section (D).

E.D. Va. Loc. Crim. R. 49(C)–(E).

Smith. The need to protect that information outweighs the public's right to access to this limited part of his case. *See Ashcraft*, 218 F.3d at 302. Third, because the Court has identified the specific reasons and factual findings supporting its decision to seal the Documents, the third factor also weighs in favor of granting the Motion.

Upon due consideration, and pursuant to Local Criminal Rule 49,[2] the Court GRANTS the Motion. (ECF No. 33.) The Clerk is DIRECTED to file the documents identified in the attached Order, (ECF No. 35), under seal. These documents SHALL remain under seal until further order of the Court.

It is SO ORDERED.

Date: 5/31/24
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[2] Local Criminal Rule 49 provides in relevant part: "(A) Unless otherwise provided by law or Court rule, no document may be filed under seal without an order entered by the Court." E.D. Va. Local Crim. R. 49(A).

3